IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA GONZALES

        Plaintiff,

v.                                                                                              No. CV-12-780 CG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff Maria Gonzales' *Application to Proceed In Forma Pauperis Without Prepayment of Fees or Costs*, (Doc. 3), and her *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*, (Doc. 1). Plaintiff seeks leave to appeal Defendant's denial of her application for social security disability benefits without the prepayment of costs or fees. (Doc. 1; Doc. 3). The Court, having considered the motion, the relevant law, and otherwise being fully advised in the premises, will order Plaintiff to show cause why her motion should not be denied and her complaint dismissed.

To proceed *in forma pauperis*, a litigant must submit an affidavit showing that she "is unable to pay such fees. . ." 28 U.S.C. §1915(a)(1). Screening the case under §1915(e)(2) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." §1915(e)(2); *see also Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). In this instance, Plaintiff's complaint fails to establish a reasoned, nonfrivolous argument in support of her request to proceed *in forma pauperis*.

The sufficiency of a complaint is first determined by referring to Rule 8 of the Federal Rules of Civil Procedure. The rule mandates that civil complaints contain a "short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a). A complaint challenging the Commissioner's denial of social security benefits is not exempt from the general rules of civil pleading. *See, e.g., Hoagland v. Astrue*, 2012 WL 2521753 at *1 (E.D. Cal. June 28, 2012); *Brown v. Astrue*, 2011 WL 3664429 at *2 (D. N.H. Aug. 19, 2011).

Plaintiff's complaint is devoid of any substantive facts or basis for relief. Her complaint simply states that she is "applying for disability benefits." (Doc. 1 at 2). She does not state whether she has received a final order denying social security benefits at the administrative level, which is a prerequisite to filing an appeal in this Court. 42 U.S.C. § 405(g) (stating that a plaintiff may initiate an action in federal district court within sixty days of the final agency decision denying benefits). Nor does she explain why she feels that she has been improperly denied benefits. Plaintiff's complaint is subject to dismissal for failure to establish a reasoned, nonfrivolous argument for relief. *See Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006)

**IT IS THEREFORE ORDERED** that Plaintiff show cause no later than August 31, 2012, why her motion to proceed *in forma pauperis* should not be denied and her complaint dismissed by filing an amended complaint. The amended complaint shall state whether Plaintiff has received a final order denying an application for social security benefits and shall present a short and plain statement arguing why she believes the agency's determination is incorrect. Should Plaintiff decide to amend, the Court recommends that she consult the Social Security Administration at telephone number 1 (800) 772-1213 to

acquire copies of the forms and other information he may need to file the complaint in this Court. If Plaintiff fails to comply with this order, her motion may be denied and her complaint dismissed without prejudice and without further notice.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE