**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARIA GONZALES,

Plaintiff,

v. Case No. 12-780 CG

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

Defendant.

**ORDER GRANTING APPLICATION FOR ATTORNEY FEES**

**THIS MATTER** comes before the Court on Plaintiff's *Motion for an Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum*, (Doc. 34), filed on November 21, 2014, and *Defendant's Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b)*, (Doc. 35), filed on November 21, 2014. Defendant declined to take a position with regard to the reasonableness of the requested award. (Doc. 35). Plaintiff's attorney, Michael Armstrong, moves the Court for an order authorizing attorney fees in the amount of $17,930.23 for legal services rendered before this Court. (Doc. 34 at 1). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion is well-taken and should be **GRANTED**.

## I. Procedural Background

Plaintiff instituted an action in this Court in July of 2012 seeking judicial review of Defendant's denial of her application for Social Security disability benefits. (Doc. 1). In March of 2013, Plaintiff filed her *Motion to Remand to Agency for Payment of Benefits,*

*or in the Alternative, for Rehearing, with Supporting Memorandum*. (Doc. 23). In May 2013, the Social Security Administration, (the "SSA") filed an *Unopposed Motion to Remand to Agency*. (Doc. 26). This Court granted the SSA's Unopposed Motion and remanded the case to the Commissioner for further proceedings in May 2013. (Doc. 27). Following the remand, Plaintiff filed a motion seeking fees to pay her attorney pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,808.87. (Doc. 29). That motion was granted on July 10, 2013. (Doc. 33).

Upon remand, the SSA found Plaintiff to be disabled and entered a fully favorable decision on July 30, 2014. (Doc. 34-1 at 1-11). Plaintiff was notified on September 13, 2014 that the SSA had determined that she was entitled to past-due benefits, but was withholding twenty-five percent of those benefits, $23,930.23, in order to pay Plaintiff's attorney. (Doc. 34-1 at 12-16).[1] Mr. Armstrong now seeks authorization from this Court to receive $17,930.23 to compensate him for his legal services. (Doc. 34 at 2). Mr. Armstrong has documented 31.42 total hours of legal work performed by his office in affidavits attached to Plaintiff's motion. (Doc. 34-1 at 17-20).

## II. Analysis

When a court renders a judgment favorable to a social security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid *in addition to* past-due benefits, § 406(b) fees are paid *out of* the past-due benefits.

[1] Plaintiff had entered into a contingency fee arrangement with Mr. Armstrong wherein she agreed that he would receive twenty-five percent of any past due benefits received from the agency and the reasonable costs and expenses incurred in her representation, in the event of a favorable agency decision. (Doc. 34-1 at 21).

*Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 496 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of past-due benefits, because there is no presumption that 25% is reasonable. *Id.* at 807 n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include i) whether the attorney's representation was substandard; ii) whether the attorney was responsible for any delay in the resolution of the case; and iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b).

The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Mr. Armstrong's representation of Plaintiff was more than adequate; he obtained a fully favorable decision for Plaintiff. He did not delay the proceedings before this Court in any way. The instant motion was filed within three months of Plaintiff receiving notice that she was entitled to past-due benefits, which the Court finds to be reasonable. In addition, the requested fee for services performed in connection with this case is approximately 18.7% of the total past-due benefits awarded to Plaintiff; less than the 25% cap imposed by § 406(b).

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Mr. Armstrong's experience working on Social Security cases. Mr. Armstrong and his staff spent 31.42 hours on Plaintiff's case, and awarding Mr. Armstrong the requested $17,930.23 would result in an hourly fee of $570.66 per hour. The Court notes that this fee is extremely high. In his Motion for EAJA fees, (Doc. 29), Mr. Armstrong stated that $184 per hour was a reasonable fee for work performed in 2012, and $185 per hour was a reasonable fee for work performed in 2013. (Doc. 34-1 at 17, 19). The fee award requested is over three times the reasonable hourly fee for work done in 2012 and 2013.

However, considering Mr. Armstrong's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g.*, *Marquez v. Astrue*, Civ. 10-1165 CG (Doc. 30) (awarding $10,015 for 18.9 hours, or $529.00 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM

(Doc. 22) (fees awarded pursuant to § 406(b) translated to $701.75 per hour); *Ferguson v. Barnhart*, Civ. 02-823 KBM (Doc. 29) (awarding $ 7,000 for 13.55 hours, or $ 516.60 per hour). The Court again notes that Defendant does not take a position for or against this Motion, and it is the duty of the Court to determine whether the fees are reasonable. (Doc. 35 at 1).

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum* be **GRANTED**. Mr. Armstrong is awarded $17,930.23 for legal services rendered before this Court

**IT IS FURTHER ORDERED** that Mr. Armstrong shall refund to Plaintiff the $5,808.87 awarded under EAJA.

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE